UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

XAVIMEN DECQUIR                                             CIVIL ACTION

VERSUS                                                      NO. 21-1652

JONATHAN D. BENTEL, ET AL                                   SECTION "B"(4)

ORDER AND REASONS

Before the Court is plaintiff's motion to modify and extend the scheduling order deadlines (Rec. Doc. 58). Plaintiff's motion was set for submission on May 11, 2022. Local rule 7.5 states that each party opposing a motion must submit a memorandum no later than eight days before the noticed submission date, meaning defendants had until May 3, 2022, to file a response. Defendants did not file a timely opposition. For reasons discussed below:

**IT IS HEREBY ORDERED** that the motion is **GRANTED, in part**, to allow an extension of existing pretrial and trial deadlines/dates; and **DENIED to the extent** that plaintiff unilaterally proposes a certain set of deadlines/dates.

**IT IS FURTHER ORDERED** that a FRCP 16 scheduling conference shall be held via teleconference on **Wednesday, June 1, 2022 at 1:00 P. M. CT** with all lead counsel of record before the undersigned and the case manager to select new pretrial and trial deadlines/dates. **No later than 15 minutes prior** to the aforementioned time of the teleconference, lead counsel shall call

1

into the conference by dialing **(888) 278-0296** and access code **6243426**.

**FACTS AND PROCEDURAL HISTORY**

This case arises out of Jonathan D. Bentel, Durand Hewitt, Robert Johnson, Hiep Nguyen, and John Doe's (collectively "defendants") alleged attack of Xavimen Decquir ("Plaintiff") on the evening of September 2, 2020. Rec. Doc. 1 (Complaint). Plaintiff reportedly suffers from bipolar 1 disorder, depression, and schizophrenia and lives with his mother. *Id.* Upon noticing that her son was acting out of character, an altercation began between the two, resulting in plaintiff pushing his mother. *Id.* Plaintiff's mother called 911, hoping to have him committed to a psychiatric hospital. *Id.* During her call with a 911 dispatcher, she explained that plaintiff was a "mental health patient" exhibiting unusual behavior. Rec. Doc. 1.

Upon arriving at the residence, officers of the Jefferson Parish Sheriff's Office informed plaintiff's mother that they could not take Decquir to a psychiatric hospital as requested because they were all at full capacity due to COVID-19. *Id.* Instead, they offered to keep plaintiff in a holding cell for 72 hours, to which plaintiff's mother agreed. *Id.* After admitting that he pushed his mother, the officers handcuffed plaintiff and took him away. *Id.*

When plaintiff awoke inside the police car, he asked the officers in his vicinity why he had been brought to jail. *Id.* The

2

officers did not respond. *Id.* He then asked the same officers to identify the crimes he had committed and/or had been charged with. *Id.* Again, the officers did not respond. *Id.* Upon entering JPCC, Plaintiff asked a different officer for his mandated phone call so he could call his mother. Rec. Doc. 1. The officer denied plaintiff his call, put him in a holding cell. *Id.* Rather than shut up, plaintiff continued to request a phone call. When no one obliged that request, plaintiff removed his shoe and banged on the cell door. *Id.*

In response to the banging, defendants Bentel, Johnson, and Nguyen allegedly punched and kicked Decquir. *Id.* Several officers gathered around to watch the attack without intervening. Rec. Doc. 1.

Once plaintiff was handcuffed and pinned to the ground, defendants allegedly picked him up and slammed him into the sharp corner of the intake wall. *Id.* Plaintiff later lost consciousness. *Id.*

Plaintiff was eventually transported and treated at a hospital for various injuries to his face, head, shoulder, ribs, teeth, spine, and for emotional distress. *Id.*

On August 31, 2021, plaintiff filed the instant complaint for damages seeking to hold defendants, who acted under color of law, accountable for violating his constitutional and statutory rights. Rec. Doc. 1. Thereafter, a scheduling order was issued on October

14, 2021. Rec. Doc. 18. On April 22, 2022, plaintiff filed a motion to modify the scheduling order and extend all pre-trial deadlines. Rec. Doc. 58. Plaintiff contends that the defendants "repeated refusal" to cooperate in the discovery process has severely prejudiced his ability to comply with the current scheduling order. *Id.* Defendants did not file an opposition.

**LAW AND ANALYSIS**

When the question before the court is whether to grant a continuance of a scheduling order, the court's "judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's [time]." *Arias-Henriquez v. BP Expl. & Prod., Inc.*, No. CV 19-9497, 2020 WL 4529877, *2 (E.D. La. June 23, 2020) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549 (5th Cir. 2000)). Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a showing that the relevant scheduling order "deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (per curiam) (internal quotation marks and citation omitted).

The Fifth Circuit has enumerated four factors to consider when determining whether there is good cause under Rule 16(b)(4). *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Those four factors include "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (internal quotation marks and citation omitted); *Arias-Henriquez*, 2020 WL 4529877 at *2 (referencing the four factors, *supra*); *see also Omega Hosp., LLC v. United Healthcare of Louisiana, Inc.,* No. CV 16-560-JWD-EWD, 2021 WL 5287855 (M.D. La. Oct. 7, 2021) (stating that any prejudice to the defendant resulting from the granting of the extension may be sufficiently cured by a reasonable continuance.)

In support of the instant motion, plaintiff asserts "[d]efendants and their ever-shifting lineup of counsel have responded with nothing but delay and obstructionist conduct." Rec. Doc. 58-1, p. 1. That bold-faced assertion has been found wanting, in part, by the Magistrate Judge. Magistrate Judge Roby has effectively addressed various discovery issues between the parties. On May 6, 2022, after receiving memoranda and oral argument from parties' counsel of record, Judge Roby issued a 12-page detailed order, with reasons, granting in part and denying in

5

part plaintiff's motion to compel responses to discovery. Rec. Doc. 61.

Accordingly, to mitigate potential prejudice to either party in what appears to be a highly charged mixture of failed communications and hyperbole between parties' counsel, reasonable extensions of pretrial deadlines, and resetting of final pretrial conference and trial dates will cure potential prejudice created by conduct of parties' counsel of record. In addition to the well-noted findings of Judge Roby, we also rely in part upon multiple instances in the record where counsel submitted deficient documents for filing with the Clerk of Court.

Everyone is respectfully reminded that an analysis of good faith in litigation is impacted by ethical and professional considerations involving the conduct of advocates who are also officers of the court. Within that context, we look forward to working with all-concerned.

New Orleans, Louisiana this 17th day of May, 2022

_____
SENIOR UNITED STATES DISTRICT JUDGE